Michael DILLINGHAM, Petitioner—Appellant,

v.

Robert LAMPERT, Superintendent, Respondent—Appellee.

No. 06–35527.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2007 *.

Filed May 11, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Tonia L. Moro, Esq., Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Douglas Park, Esq., Office Of The Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: RYMER, GRABER, and BEA, Circuit Judges.

### MEMORANDUM **

Defendant Michael Dillingham appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

** This disposition is not appropriate for publication and is not precedent except as provid-

On de novo review, *Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir.2004), we affirm.

Defendant pleaded no contest to three counts of sexually abusing minor boys and was sentenced to 200 months' imprisonment. Defendant claims that he received ineffective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that his trial counsel coerced him into pleading guilty in violation of *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

■ 1. The state court's factual determinations that Defendant's trial counsel was experienced and fully competent and that counsel properly prepared for trial by putting two investigators to work on the matter three months before trial were not objectively unreasonable. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir.2004) ("Under [the Antiterrorism and Effective Death Penalty Act of 1996], 'a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'" (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003))). That being so, the state court's conclusion that counsel performed adequately was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

■ 2. Defendant was charged with 37 counts, 35 of which were sex offense charges, and all 37 of which involved three minor boys. Physical evidence corroborat-

ed by 9th Cir. R. 36–3.

ed the boys' allegations of abuse, and Defendant's alleged girlfriend stated that Defendant had used her as a "front" to get closer to children. In exchange for a plea of no contest, Defendant's trial counsel secured the dismissal of 34 of the 37 charges. At the plea hearing, Defendant said that his counsel was an "excellent attorney," and the trial court repeatedly asked Defendant whether he understood the plea and whether he needed more time to discuss the plea with his counsel. The state court's conclusion that counsel's recommendation for Defendant to accept the government's plea bargain conformed to the highest professional standards was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See Hill,* 474 U.S. at 59, 106 S.Ct. 366 (requiring a defendant to demonstrate both counsel's deficient performance and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

3. Defendant requests an evidentiary hearing, but he does not allege a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(ii).

AFFIRMED.